**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlos A. DIAZ, Defendant–Appellant.**

No. 08–14330

**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 11, 2010.

Carlos A. Diaz, Fort Dix, NJ, pro se.

Leigh Lichty Pipkin, U.S. Attorney's Office, Steven E. Butler, Mobile, AL, for Plaintiff–Appellee.

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Carlos Diaz, *pro se*, appeals the district court's denial of his Federal Rule of Civil Procedure 60(b) motion seeking reconsideration of the district court's order granting the Government's motion for a sentence reduction from life to a 30–year sentence. In his brief, he claims that, although he provided substantial assistance to the Government, he did not receive any credit for his participation and did not receive a sentence reduction.

Rule 60(b) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" under certain circumstances. Fed. R.Civ.P. 60(b)(1)–(6). Rule 60(b), however, "does not provide for relief from judgment in a criminal case." *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir.1998).

In *Mosavi*, for example, a defendant appealed the district court's denial of his Rule 60(b) motion challenging an order in his criminal forfeiture proceeding. *Id.* at 1365. We held that the district court lacked the subject matter jurisdiction necessary to provide Rule 60(b) relief and affirmed the denial of that motion. *Id.* We held that the "judgment and order that the defendant contest[ed] were entered, not in a civil case, but in a criminal case, and a proper appeal ... should have been raised in the defendant's criminal appeal of his conviction and sentence." *Id.* at 1366.

Here, Diaz's Rule 60(b) motion challenges an order in his criminal case. As we held in *Mosavi*, the district court lacked jurisdiction to entertain the motion. Its judgment denying relief is, accordingly,

AFFIRMED.